DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Comcast Cable Communications, Inc. has appealed from the decision of the Oberlin Municipal Court that granted summary judgment to Defendant-Appellee Gargasz Construction. This Court reverses.
 {¶ 2} On February 3, 2005, Plaintiff-Appellant Comcast Cable Communications, Inc. ("Comcast") filed a complaint against Defendant-Appellee Gargasz Construction ("Gargasz") asserting negligent property damage. On March 4, 2005, Gargasz answered the complaint, asserting several defenses.
 {¶ 3} On June 3, 2005, Gargasz filed a motion for summary judgment and Comcast responded in opposition. On June 29, 2005, the trial court granted Gargasz's motion for summary judgment.
 {¶ 4} Comcast has appealed the trial court's decision, asserting one assignment of error.
 ASSIGNMENT OF ERROR NUMBER I
"The trial court erred by granting defendant-appellee's motion for summary judgment."
 {¶ 5} In its sole assignment of error, Comcast has argued that the trial court erred in granting summary judgment to Gargasz. Specifically, Comcast has argued that a question of material fact remains over whether the cable was buried at an appropriate depth and that the trial court erred in relying on a report that was not recorded or communicated to Comcast. We agree.
 {¶ 6} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,93 L.Ed.2d 383. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 8} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 9} Comcast's complaint alleged that Gargasz was negligent when it laid a driveway at 602 Bartish Drive and its negligence resulted in a Comcast cable being cut beyond repair. To establish a claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and injury directly and proximately resulting from a breach of that duty. (Citations omitted.)Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 77.
 {¶ 10} Gargasz submitted the following evidence in support of its motion for summary judgment: an affidavit from the president of Gargasz; a document titled "Trenching Excavation Details"; the contract between Amherst Township and a cable company regarding service to the township; and Comcast's answers to Gargasz's interrogatories. Comcast submitted the following evidence in opposition to Gargasz's motion for summary judgment: an affidavit from the Comcast Director of Technical Operations; a Declarations of Restrictions for the neighborhood in the instant matter; and Gargasz's answers to Comcast's interrogatories. As our review is de novo, we considered each document and found the following relevant.
 {¶ 11} The affidavit of Edward J. Gargasz, President of Gargasz, stated that the minimum trench for cable installation was 42 inches with a minimum 36 inches of cover at final grade. Mr. Gargasz stated that the "Trenching Excavation Details" attached to his affidavit were applicable for the property in question and showed that the cables must be installed at a 42 inch minimum depth.
 {¶ 12} Comcast's answers to Gargasz's interrogatories state that Comcast installed the cable line in question at a depth of 18 inches. Comcast denied that it failed to install its cable lines as required under the "Trenching Excavation Details" document.
 {¶ 13} The "Trenching Excavation Details" document submitted by Gargasz is part of another document that was not submitted for review. We note that most of the information on the "Trenching Excavation Details" document is not legible. We can, however, see that the top diagram is labeled "Joint Trench-Random Lay." The diagram contains three "cable" references. The first two are labeled "Primary Cable" and "Secondary Cable" and are located near a line marked "6" MIN."; it is not clear to this Court if said marking applies to the primary and/or secondary cables. The third cable reference is also unclear. It contains two blurred words before the word "Cable." Said reference is connected to a line marked "42" MIN. TRENCH." To the left of that marking is a "36" MIN. COVER" line.
 {¶ 14} Larry Hoyle, Director of Technical Operations for Comcast, submitted an affidavit in response to Gargasz's motion for summary judgment. Mr. Hoyle stated that the cable in question had been installed "at an appropriate depth" and it was installed "below the pre-existing gas line."
 {¶ 15} In Gargasz's answers to Comcast's interrogatories, Gargasz denied "digging" when it installed the driveway at 602 Bartish and stated that no other company or government agency was contacted prior to grading the driveway.
 {¶ 16} After reviewing the record and viewing the facts in a light most favorable to the non-moving party, Comcast, we find that a genuine issue of material fact remains. Gargasz's argument for summary judgment was based on the allegation that Comcast did not bury the cable at the appropriate depth and therefore, Gargasz had no duty to Comcast. Gargasz also argued that even if they had a duty, they did not breach it because Comcast did not properly bury the cable. It is clear to this Court that whether the cable was properly buried is a material fact and that it is in dispute.
 {¶ 17} Gargasz presented evidence in the form of an affidavit and a mostly illegible document that the cable at issue should have been buried at a depth of 42 inches. Comcast presented evidence in the form of an affidavit that said cable, which was buried at 18 inches, was buried at an appropriate depth. This Court cannot find that the contradictory evidence is anything other than a genuine issue of a material fact. We find that the affidavits of each party are valid evidence under Civ.R. 56. We do not find the "Trenching Excavation Details" document dispositive on the issue of the appropriate cable depth. Specifically, we find the document extremely difficult to read and incomplete. Accordingly, we find the issue of whether the cable was appropriately buried, and the case in general, are matters for the trier of fact.
 {¶ 18} Based on the foregoing, we find that reasonable minds could reach more than one conclusion regarding the appropriate depth of the cable, and accordingly Gargasz has not met its initial burden of demonstrating the absence of a genuine issue of material fact regarding the depth. Dresher,75 Ohio St.3d at 292-93. Therefore, Comcast's assignment of error has merit.
 {¶ 19} Comcast's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, J. Moore, J. concur.